**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:25-CR-00087-MAC** |
| | § | |
| | § | |
| **SHAKILAH JANAY NOBLES** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 31, 2026, alleging that Defendant, Shakilah Janay Nobles, violated her conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Shakilah Janay Nobles was sentenced on May 17, 2022, before The Honorable Alia Moses, of the Western District of Texas, after pleading guilty to the offense of Conspiracy to Transport Illegal Aliens, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 20 and a criminal history category of I, was 33 to 41 months. Shakilah Janay Nobles was subsequently sentenced to 33 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include placement in a residential reentry center for up to six (6) months if necessary, abstinence from alcohol and any other intoxicants, treatment

and testing for substance abuse, and restrictions on psychoactive substances, and a $100 special assessment.

**II. The Period of Supervision**

On July 14, 2023, Shakilah Janay Nobles completed her period of imprisonment and began service of the supervision term.

On January 22, 2024, the conditions of supervision were modified by the court, with Nobles' consent, to include mental health treatment.

On December 10, 2024, the original term of supervised release was revoked, and Nobles was sentenced to 12 months' imprisonment followed by a 2-year term of supervised release, subject to the mandatory and standard conditions of release, plus special conditions to include abstaining from the use of alcohol and any and all intoxicants, participation in a program of testing and treatment for substance abuse, not possessing a controlled substance without a valid prescription, restrictions on psychoactive substances, mental health treatment, and medication compliance. On May 20, 2025, Nobles completed her second period of imprisonment and began service of the second supervision term.

On November 20, 2025, jurisdiction was transferred to the Eastern District of Texas, and the case was reassigned to United States District Judge Marcia A. Crone. On January 20, 2026, the term of supervised release was revoked, and Nobles was sentenced to 6 months' imprisonment followed by a 1-year term of supervised release, subject to the mandatory and standard conditions of release, plus special conditions to include abstaining from the use of alcohol and any and all intoxicants, participation in a program of testing and treatment for substance abuse, and mental health treatment. On May 18, 2026, Ms. Nobles completed her third period of imprisonment and began service of the current supervision term.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations. The petition alleges that Nobles violated the following conditions of release:

> Allegation 1. You must refrain from any unlawful use of a controlled substance.
>
> Allegation 2. You shall abstain from the use of alcohol and any and all intoxicants.
>
> Allegation 3. You must not communicate or interact with someone you know is engaged in criminal activity.
>
> Allegation 4. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
>
> Allegation 5. You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.
>
> Allegation 6. You must follow the instructions of the probation officer related to the conditions of supervision.

## IV. Proceedings

On August 13, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation. Defendant agreed to plead "true" to the fourth allegation that claimed she failed to notify her probation officer within 72 hours after being questioned by a law enforcement officer. In return, the parties agreed that she should serve a term of 8 months' imprisonment with no supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to notify her probation officer within 72 hours after being questioned by a law enforcement officer, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegation that she violated a standard condition of release that she failed to notify her probation officer within 72 hours after being questioned by a law enforcement officer. Based upon Defendant's plea of "true" to this allegation of the Petition

for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade C violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 3 to 9 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 8 months with no supervised release to follow.

**VII. Recommendations**

The court should find that Defendant violated the allegation in the petition that she violated a standard condition of release by failing to notify her probation officer within 72 hours after being questioned by a law enforcement officer. The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. Defendant should be sentenced to a term of 8 months' imprisonment with no supervised release to follow.

**VIII. Objections**

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). Defendant also waived her right to be present and

speak and have her counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 13th day of August, 2026.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE